W. H. ADAMS v. W. H. BURNS.

161 So. 712.
Division B.
Opinion Filed May 7, 1935.
Rehearing Denied June 14, 1935.

*Charles A. Powers* and *Charles A. Powers, Jr.,* for Plaintiff in Error;

*W. C. Johnson* and *Bedell & Bedell,* for Defendant in Error.

BUFORD, J.—This cause is before us on a motion to dismiss because of the alleged failure of the plaintiff in error to comply with amended rule 20 in the preparation of brief submitted in the cause in that the plaintiff in error has failed to state the questions involved so "phrased that the point of law intended for solution may plainly appear."

Questions B, C, D, E and F are not phrased in such manner that the points of law intended for solution can be said to appear. Each question is so framed as to require a perusal of the transcript of the record to determine what point of law is intended to be presented, One purpose of amended Rule 20, adopted November 5, 1930, was to require counsel to first determine whether or not there are any controversial points of law to be presented and, after determining that there are points of law to be presented, to so state his questions that the point of law to be determined may clearly appear to the court and that the question shall be so framed as not to require the court to peruse the transcript of record to ascertain the point of law to be determined.

Except for this violation of Rule the brief filed by plaintiff in error appears to have been carefully and efficiently prepared.

Counsel for defendant in error is within his rights when he moves for dismissal of the cause because of non-compliance with amended Rule 20 and unless the plaintiff in error shall within ten days from the filing of this order file in this Court, to be attached to his original brief, modified questions so phrased as to comply with amended Rule 20, the writ of error will be dismissed.

The other motion presented is by the plaintiff in error wherein he moves this Court to enter an order modifying the order of supersedeas made and entered by the judge of the court below. The judgment in this case, after having been amended, was as follows:

"IN THE CIRCUIT COURT OF DUVAL COUNTY, FLORIDA.
No. 12602-L

"W. H. BURNS, *Plaintiff,*

v.

"W. H. ADAMS, *Defendant.*

"And afterwards, to-wit, on the 18th day of October, in the year of our Lord, nineteen hundred and thirty-four, came the said plaintiff and the said defendant by their respective attorneys, Honorable Miles W. Lewis, Judge presiding, and the jurors of the jury heretofore duly sworn in said cause, and one of the said jurors, to-wit: Charles J. Andrews, became ill and disabled from the further performance of his duties as such juror, and upon consent of the parties, the said juror was by the court excused from further attendance, and it was in open court agreed between the parties that the trial of said cause should proceed with the remaining five jurors and that the verdict of the five

should stand as and for a verdict of the jury in said cause; and thereupon the said parties submitted further testimony in support of the issues joined, and the said remaining jurors of the said jury having heard argument of counsel for the respective parties, and the charges of the court, and having considered of their verdict, upon their oaths do say: In the Circuit Court of Duval County, Florida. No. 12602-L. W. H. Burns, Plaintiff, v. W. H. Adams, Defendant. Verdict: We, the Jury, find that the property described in the declaration is the property of the plaintiff; that defendant detained the same except one Niagara Pump No. 136, and that the value of the tug boat, 'Vida D,' with her equipment mentioned in the declaration is $1500.00; and that the value of the lighter described as approximately twenty feet by sixty feet, with its equipment except said Niagara Pump No. 136, is $600.00; and that the value of the lighter described as approximately twenty-two feet by seventy feet, with its equipment is $1000.00. And we further assess plaintiff's damages sustained by the detention of said property for hire of said property during the detention to be $3213.00. So say we all. W. H. Carrall, Foreman. And the same was by the court directed to be recorded in the records of the court.

"And it is therefore considered by the court that the plaintiff, W. H. Burns, do recover of and from the defendant, W. H. Adams, the property described in the declaration in said cause (excepting only one Niagara Pump No. 136) that is to say: the tug boat, called the 'Vida D,' equipped with sixty horse power Palmer Engine and Delco light plant, and with one set of Edison storage batteries, hand deck bilge pump, one row boat tender, bunks for two, one stove and cooking utensils, three stools, one compass, one searchlight, one lot of tools, three one-quart Pyrene

fire extinguisher and life preservers; or, if the same cannot be had, the value thereof as ascertained by the verdict in this cause, that is, to say, fifteen hundred dollars ($1500). And further that the said plaintiff do have and recover of and from the said defendant one lighter, approximately twenty by sixty feet, with rake on fore and aft, and equipped with one fifteen thousand gallon oil tank mounted on same, and equipped with bilge pump and suction hose for discharging cargo; or, if the same cannot be had, the value thereof as fixed in the said verdict, that is to say six hundred dollars ($600). And that the said plaintiff do have and recover of and from the said defendant one lighter approximately twenty-two by seventy feet, equipped with bilge pump, rake on fore and aft, and with the name 'IWANOWSKI' on side; or, if the same cannot be had, the value thereof as fixed in said verdict and reduced by said remittitur, that is to say six hundred dollars ($600). And that the said plaintiff do have and recover of and from the said defendant the plaintiff's damages sustained by the detention of said property for the hire of said property during the detention in the sum of thirty-two hundred and thirteen ($3213) together with his costs hereby assessed at Eleven and 75/100 Dollars ($11.75), for which recoveries let proper process issue.

"DONE AND ORDERED in open Court this 24th day of November, A. D. 1934."

The action was in detinue.

The order fixing conditions of supersedeas was as follows:

"This cause coming on to be heard upon motion of defendant to fix the amount and condition of a supersedeas bond upon a writ of error to be sued out by defendant, it is considered by the court that the said writ of error shall

become effective as a supersedeas if sued out within the time allowed by law, upon the giving of a bond with two good and sufficient obligors to be approved by the Clerk of this Court in the penal sum of seventy-five hundred dollars ($7500.00), conditioned that the defendant, W. H. Adams, shall deliver to the plaintiff, W. H. Burns, possession of the specific property for the recovery of which plaintiff has had judgment herein, that is to say: the tug boat called the 'VIDA D,' equipped with sixty horse power Palmer Engine and Delco Light plant, and with one set of Edison storage batteries, hand deck bilge pump, one row boat tender, bunks for two, one stove and cooking utensils, three stools, one compass, one searchlight, one lot of tools, three one-quart Pyrene fire extinguishers and five life preservers; and one lighter, approximately twenty by sixty feet, with rake on fore and aft, and equipped with one fifteen thousand gallon oil tank mounted on same, and equipped with bilge pump and suction hose for discharging cargo; and one lighter approximately twenty-two by seventy feet, equipped with bilge pump, rake on fore and aft, and with the name, 'IWANOWSKI,' on side—or shall pay to said plaintiff the amounts by the judgment herein adjudged to be the value of the several parcels of property respectively, together with interest thereon at six per cent per annum from the date of said judgment, as the plaintiff, W. H. Burns, may elect, and shall well and truly pay plaintiff's damages sustained by the detention of said property as ascertained by the judgment herein, with interest thereon at six per cent. per annum from the date of said judgment, and costs; in the event that said judgment be afirmed, or said writ of error be dismissed."

It is contended by plaintiff in error that the Judge of the Circuit Court was without power to fix a condition of

the bond so that the plaintiff would have the election of taking the property or the value as fixed in the judgment at his option and that the option of delivering the property, or its value as fixed in the judgment, should be in the defendant. The authority of the Circuit Judge to fix the amount and condition of supersedeas bond in cases where the judgment is in whole or in part other than a money judgment is found in Section 2911 R. G. S., 4621 C. G. L., and if the defendant in the court below wishes to avail himself of the benefits of supersedeas, we think that the conditions imposed by the Circuit Judge are neither unreasonable nor beyond his power to impose.

If the judgment is not superseded the plaintiff has the present right to take his property on execution. It appears from the record in this case that the property is such as is subject to great deterioration in value by non-use, its character being shown by the judgment above quoted, and if the defendant, knowing the character of the property, is not willing to deliver the same under the judgment but wishes to supersede the judgment and thereby postpone the plaintiff's exercising his adjudged right of possession in the event the judgment should be affirmed or the cause dismissed by the appellate court the loss incident to such delay and deterioration of the value of the property, should there be any such loss or deterioration, should fall on the defendant. If the plaintiff in error, defendant in the court below, prevails and succeeds in reversing the judgment then there will be no liability on his supersedeas bond and he is not injured by being required to post such bond.

For these reasons, we think the motion to modify the conditions of the supersedeas order should be denied.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.